## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

GLAND ELLIOTT,                          *
                                        *
                                        *
                    Plaintiff          *
                                        *
vs.                                     *          Case No. 3:05CV00203SWW/JFF
                                        *
LT. CLAYBOURNE HICKS, *et al,*          *
                                        *
                    Defendants         *

## ORDER

Plaintiff filed a Complaint (docket entry #2) pursuant to 42 U.S.C. Section 1983 on August 29, 2005, and he was granted leave to Proceed *In Forma Pauperis* (docket entry #1). On December 13, 2005, he notified the Court of a change of address from the county detention center to a private residence, and in response to an Order of the Court, he resubmitted his financial information requesting continued leave to proceed *in forma pauperis* (docket entry #11). Thereafter, the Defendants answered the Complaint (docket entry #14), and Plaintiff moved for appointment of counsel on February 3, 2006 (docket entry #16). On February 27, 2006, the Court issued an Order denying Plaintiff's request for appointment of counsel (docket entry #17), and the copy of the Order mailed to Plaintiff at the address that he provided to the Court was returned as undeliverable on April 6, 2006 (docket entry #22).

Defendants filed a Motion to Dismiss the action pursuant to Local Rule 5.5(c)(2) on April 5, 2006, supported by a Brief in Support (docket entry #20) and Affidavit

regarding service from counsel (docket entry #21).  In their motion and affidavit, counsel

states that  discovery requests were served on the Plaintiff at his last known address on

January 26, 2006, and counsel's correspondence dated March 17, 2006 regarding the past

due discovery responses was returned as undeliverable on March 31, 2006.

Local Rule 5.5(c)(2), states: "It is the duty of any party not represented by counsel

to promptly notify the Clerk and the other parties to the proceedings of any change in his

or her address, to monitor the progress of the case, and to prosecute or defend the action

diligently.  A party appearing for himself/herself shall sign his/her pleadings and state

his/her address, zip code, and telephone number.  If any communication from the Court to

a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed

without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and

follow the Federal Rules of Civil Procedure."

Defendants moved for dismissal pursuant to Rule 5.5.   After Defendants filed their

motion to dismiss, on  April 24, 2006, Plaintiff filed a notice of change of address.

Although Plaintiff failed to apprise the Court of his new address in a timely manner, the

Court finds that dismissal is not called for under the circumstances.  Defendants should

mail their discovery requests to Plaintiff at the address indicated in his  notice. **Plaintiff is

advised that he must comply with his obligation to respond to discovery requests in

accordance with the Federal Rules of Civil Procedure, and the failure to do so may

result in dismissal of this case, with prejudice.**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is DENIED

2

(docket entry #19).

IT IS SO ORDERED THIS 28th DAY OF APRIL, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE